## In re Fishel Land Company

232

*Lester K. Wolf,* for trustee.

*Guy L. Warman, Charles R. Taylor, Jr., J. Stanton Carson, George H. Thompson* and *Raymond R. Goehring,* for distributees.

BOYLE, *J.,* September 21, 1976—The question involved in the petition for allowance of counsel fees in the sum of $9,500, and counsel's expenses in the sum of $361.81, is whether counsel for the trustee is entitled to be paid out of the trust estate for extensive professional services rendered by counsel in defending the trustee against the numerous objections filed to the trustee's account which covered a period of 24 years, where the objections were limited to the credits in the account for compensation to the trustee for its various categories of service which were necessary to the administration of the trust and the preservation of the trust property for the benefit of approximately 200 beneficiaries.

Counsel for the objector admits the fairness of the amount of the requested compensation but asserts that counsel's fees and expenses should be paid out of the trustee's individual pocket and not out of the trust estate.

The court does not accept the contention of the objector that the objections to the trustee's account did not involve items of possible surcharge against the trustee. The services of the trustee were directly related to the preservation, protection, administration and distribution of the trust property. The court does not perceive any distinction between this case and similar cases where a surcharge is sought because of a dereliction of

duty on the part of a fiduciary. See Browarsky Est., 437 Pa. 282, 285, 263, A.2d 365 (1970); Coulter Est., 379 Pa. 209, 220, 108 A.2d 681 (1954).

Counsel's fees and expenses should be paid out of the trust estate.

A decree will be entered in accordance with this opinion.